IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL WIDMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-1246-NJR-DGW |
| | ) | |
| J. KEMPFER, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's failure to appear at a scheduled hearing.  For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On December 3, 2014, Plaintiff filed a Motion to stay this matter and set a status conference prior to Plaintiff's release from IDOC custody on December 26, 2014 (Doc. 27).  On December 11, 2014, this Court granted the motion in part: an in person status conference was set for February 18, 2015 at 2:00 p.m., after Plaintiff's release (Doc. 28).  In that Order, the following warning was issued:

> Plaintiff is **WARNED** that the failure to attend the status conference **SHALL** result in a recommendation that this matter be dismissed for failure to prosecute.

The Order was sent to Plaintiff while he was incarcerated at the Menard Correctional Center. On January 14, 2015, Plaintiff filed a Notice of Change of Address in which he both informed the Court that he had moved to Bloomington, Illinois, but also that he was "beaten and seriously injured at Menard on 12/26/14, prior to being released, taken to Memorial Hospital in Belleville, Il" (Doc. 29).

Defendant appeared at the hearing by counsel; however, Plaintiff failed to appear. On February 23, 2015, the Clerk of Court informed the Court that Plaintiff contacted the Clerk and indicated that he did not know about the February 18, 2015 hearing because he was not receiving documents from the Court while he was incarcerated at the Menard Correctional Center. To the extent that this communication is an excuse for failing to appear, the Court finds the excuse to be disingenuous. In another case pending before this Court, *Michael Widmer v. Kimberly Butler, et al.,* 3:14-cv-859-NJR-DGW, an Order was entered on January 23, 2015:

> ORDER GRANTING 29 MOTION for Extension of Time to File *Motion for Summary Judgment on Issue of Exhaustion* filed by T Mezo, R Pelker, Lindenberg, Kimberly Butler. Dispositive Motions re Exhaustion of Administrative Remedies due by **February 18, 2015**. Pavey Evidentiary Hearing set for February 18, 2015 is hereby CANCELLED and will be RESET, if necessary, at the Status Conference to be held February 18, 2015. Signed by Magistrate Judge Donald G. Wilkerson on 1/23/2015. (nms) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/23/2015).

This Order was mailed to the Plaintiff, at his address in Bloomington Illinois, on January 26, 2015. Therefore, this Court finds that even if Plaintiff can be believed -- that he was not receiving legal mail while at Menard in December, 2014 -- he received notification of the hearing from the Court on January 26, 2015. Moreover, at no point prior to the February 18, 2015 hearing did Plaintiff

indicate that he was not receiving documents filed in this case.[1]  Finally, it should be noted that when setting the in person status conference, this Court cancelled a hearing set for January 8, 2015 (Docs. 26).  If Plaintiff was unaware of the Order cancelling the January 8, 2015 hearing and setting the February 18, 2015 hearing, the Court would have expected Plaintiff to appear on January 8, 2015: he did not.   This Court finds that Plaintiff did receive notice of the February 18, 2015 hearing and simply elected to not appear.

### CONCLUSIONS OF LAW

The District Court has authority to dismiss a suit for failure to prosecute, *sua sponte*, pursuant to Federal Rule of Civil Procedure 41(b).  *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted.").   Plaintiff failed to appear at a scheduled status conference and has not, as of the date of this Report and Recommendation, offered an excuse (to the Court) as to his failure to appear.  To the extent that his communication with the Clerk's office is an effort to inform he Court of the reasons for his failure to appear, said reason is disingenuous in light of the notice Plaintiff received in other litigation pending before this Court.  While the sanction of dismissal for the failure to appear at one schedule hearing may appear harsh, the Court notes that Plaintiff has multiple cases pending in this District – in a number of those cases, Plaintiff has not cooperated in discovery.[2]  It is unlikely that in this particular case Plaintiff will abide by the

---

[1] In another case filed by Plaintiff in this District, Magistrate Judge Frazier found that "Plaintiff's concerns that the defendants have deliberately obstructed his internal mail delivery [while at Menard] are not well supported." *Michael Widmer v. Kimberly Butler, et al.*, 3:14-cv-630-JPG-PMF.

[2] Most notably in *Michael Widmer v. Justin Kempfer, et al.*, 3:13-cv-1131-NJR-DGW, Plaintiff has failed to respond

deadlines imposed by this Court or the Federal Rules of Civil Procedure. Allowing continuation would be a waste of resources.

### RECOMMENDATIONS

It is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** for want of prosecution.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 6, 2015**

                        **DONALD G. WILKERSON**
                        **United States Magistrate Judge**

---

to written discovery and in *Michael Widmer v. Marc Hodge, et al.*, 3:13 cv 788-NJR-DGW, Plaintiff failed to sit for a deposition for a second time.